HENNEPIN THEATRE CORPORATION v.
PARAMOUNT PICTURES, Inc., et al.

No. 386 Civil.

District Court, D. Minnesota,
Fourth Division.

Jan. 16, 1941.

David Shearer (of Shearer, Byard & Trogner), of Minneapolis, Minn., for Twentieth Century-Fox Film Corporation, Loew's Incorporated, RKO Radio Pictures, Inc., Columbia Pictures Corporation, United Artists Corporation, Universal Film Exchanges, Inc., and Vitagraph, Inc.

Joseph W. Finley (of Bundlie, Kelley & Finley), of St. Paul, Minn., for Para-

mount Pictures, Inc., Minnesota Amusement Co., and American Amusement Co.

Louis B. Schwartz, of Minneapolis, Minn., for plaintiff.

NORDBYE, District Judge.

■ The difficulty which arises in construing plaintiff's bill of complaint is partially due to the recital of much historical background of questionable materiality, all of which is alleged in rather general language, but primarily to the failure of the plaintiff to distinguish between the alleged violations of the Sherman Anti-Trust Act and the Clayton Act, 15 U.S.C.A. § 1 et seq. Further, plaintiff has failed to state with required definiteness the particular portion of the act or acts which are alleged to have been violated by the several defendants. These acts are independent enactments, and the violation of either constitutes a separate offense. Certainly, in order to plead, these defendants should know of the exact wrong with which they are charged. As I understood plaintiff on oral argument, it is its contention that all of the defendants are charged with the violation of Section 1, Title 15 U.S.C.A. (Sherman Act), but that the alleged restraint of trade was brought about by the "contract" and "combination" provisos of that section, and that no defendant was guilty of "conspiracy" as that term is used in the act. None of the defendants, however, are charged with violation of Section 2, Title 15 U.S.C.A. Furthermore, no charge is made, according to plaintiff's counsel, against the defendants Columbia Pictures Corporation, Universal Film Exchanges and United Artists Corporation under Section 18 of Title 15 U.S.C.A., while the remaining defendants are alleged to have violated that act. However, the defendants attempted to be charged under Section 18 are charged only with the violation of the second paragraph of that section. It is plaintiff's position that, under this section, certain defendants are charged with the acquisition of stock of two or more corporations engaged in commerce where the effect of such acquisition tends to create a monopoly of a line of commerce which is prohibited by the statute.

At the outset, plaintiff should bear in mind that, in recasting its complaint as hereinafter required, the alleged proximate result of the illegal contracts and combinations in violation of Section 1, Title 15 U.S.C.A., and the monopoly alleged to have been created by the violation of the second paragraph of Section 18 of Title 15 U.S.C.A., is the failure of the plaintiff to obtain pictures from any of the so-called Big Eight producers or their controlled corporations.

■ The motions lodged by the several defendants seek detailed explanations and information regarding many allegations which are not necessary for the defendants to obtain prior to answer. The discovery statute will afford ample opportunity for the defendants to acquaint themselves with the facts which are available to the plaintiff in support of its cause of action. Under the new rules, the element of surprise is no longer a factor in a well-prepared lawsuit, and it must be recognized that a more definite statement in pleading should only be required to enable the defendants to plead intelligently, or otherwise move. It is my thought that a recasted complaint, as required by this order, will obviate much of the difficulty which the defendants anticipate in intelligently framing their answers or otherwise proceeding in this litigation. Upon the separation of the allegations with respect to the two acts, and if plaintiff in recasting its complaint will clearly keep in mind the damage claimed as the proximate result of the alleged wrong, the entire situation may be markedly clarified. Attention might be called to certain phrases and expressions of dubious clarity, but I doubt that defendants are prejudiced thereby in proceeding to meet the issues raised. There are, however, some incidental allegations which are clearly ambiguous and indefinite, to which attention will be called and which will be covered by the following order.

■ It occurs to the Court that there is no necessity for drafting three orders, in that the separate motions substantially seek the same relief. The defendants should not be too meticulous in assuming to obtain from the plaintiff various detailed facts in support of allegations, when it must be clear that the plaintiff is not in possession of such detailed information, and much of the facts and circumstances referred to are necessarily within the knowledge of the several defendants. However, the plaintiff, on the other hand, must recognize that, in redrafting the complaint, it must proceed to clearly inform these defendants of the wrongful acts with which they are charged, and with sufficient definiteness to enable the defendants to determine the admissions or denials that should

be incorporated in a pleading if an answer is to be interposed, or to proceed by motion in the event any defendant seeks to challenge the sufficiency of the allegations leveled at it. Therefore, after due consideration of all the files and records herein,

It is hereby ordered:

1. That the motions to strike on the part of the several defendants as to Paragraphs 51, 52 and 53 of the complaint, be and the same are hereby granted. These paragraphs are clearly evidentiary, and while their inclusion may not prejudice the defendants, they are not proper in a pleading, and upon motion made, they should be stricken.

2. That the word "conspiracy" may be stricken from the 21st line of Paragraph 58 on page 22 of the complaint and from the first line of Paragraph 59 on page 23, for the reason that plaintiff does not contend that any conspiracy was entered into by and among any of these defendants, and as used in these paragraphs without any supporting averments, it is a sheer conclusion, and I assume it was used inadvertently. If a conspiracy is relied upon, manifestly it must be alleged with reasonable particularity.

3. That except as hereinbefore stated, however, the motions to strike, and each of them, be and the same are hereby denied.

4. That plaintiff be required to plead by separate paragraphs the alleged violation of Section 1, Title 15 U.S.C.A., and the alleged violation of Section 18, Title 15 U.S.C.A., so that each defendant is clearly informed of the statute or statutes which it is claimed to have violated and the "contract" or "combination", as such terms are used in Section 1, Title 15 U.S.C.A., must be set forth with definiteness and conciseness as to each defendant. The alleged monopoly created by the acquisition of stock in violation of Section 18 of Title 15 must likewise be set forth with definiteness and conciseness as to each defendant. In so far as the allegations under Section 1 of Title 15 U.S.C.A. are concerned, plaintiff must make due distinction between the terms "contract" and "combination" so as to advise each defendant of the particular manner or form in which it is contended that it engaged in restraint of trade. These terms should not be confused in that they are two distinct, illegal ways in which trade may be restrained in violation of the statute.

5. That the statement "through said means" in the fourth line of Paragraph 32 on page 13 of the complaint should be clarified. It is indefinite and no reference is made to any prior allegations.

6. That the statement "at all times herein mentioned," in the first line of Paragraph 54 on page 20 of the complaint, is indefinite and that plaintiff must set forth with definiteness the time referred to. There are no allegations in the complaint to indicate what time is encompassed in such a phrase.

7. That plaintiff redraft Paragraph 56, wherein it refers to its failure to obtain pictures. No time or period is alleged, and the defendants should be advised of the period when it is contended that plaintiff was denied pictures, which denial forms the basis of its claim for damage.

8. That Paragraph 58 be entirely recast. It consists of one sentence, some 54 lines in length. Presumably, this is a catch-all paragraph, which is replete with conclusions and makes no distinction between violations of the Sherman Act and the Clayton Act. In line 17 of this paragraph, on page 22, the pleader uses the statement "and the refusal of said Big Eight and their said controlled corporations to sell plaintiff any run of said pictures." This allegation is inconsistent, in view of other allegations which refer to the practice followed by the defendants in allocating the first and second runs to the subsidiaries of Paramount Pictures, Inc., and relegating the plaintiff to pictures of later runs. As I read plaintiff's complaint, I do not understand that it was deprived of any and all pictures, as this statement would seem to indicate.

9. That except as hereinbefore stated, the motion of the several defendants for an order requiring the complaint to be made more definite and certain and for a bill of particulars is denied.

10. That the plaintiff shall file its amended complaint within 20 days after the date hereof, and that the several defendants shall plead or otherwise move within 20 days after the service of such amended complaint upon counsel of record herein.

It is hoped that the filing of this order will call to plaintiff's attention the necessity of exercising due care in reframing its complaint so that further motions of a

similar character will not be forthcoming, which can only tend to delay progress of this litigation. On the other hand, as the Court has already pointed out, the defendants should recognize their rights under the discovery statute, and not confuse their rights under that statute with the section of the rules under which they are now proceeding.